### APPEAL OF ASBES-TILE COMPANY, INC.

Docket No. 6404. Decided October 27, 1926.

For lack of evidence, the action of the Commissioner in disallowing as a deduction certain amounts claimed by the taxpayer as compensation to officers is approved.

*Abraham I. Mayer, C. P. A.*, for the petitioner.
*Bruce A. Low, Esq.*, for the Commissioner.

This is an appeal from the determination of deficiencies in income tax for 1919 and 1920 in the amounts of $384.81 and $2,050.72, respectively, and arises from the disallowance of part of the salaries paid officers of the taxpayer corporation.

#### FINDINGS OF FACT.

The taxpayer is a New York corporation with its principal office at Brooklyn, and is engaged in the business of selling and applying asbestos, asphalt, and slate shingles, slate and tile roofing, and various kinds of roofing materials.

The taxpayer was organized under the laws of New York in June, 1918, under the name of J. Levenson Co., Inc., with an authorized capital of $5,000, consisting of 50 shares of the par value of $100 each, of which 20 shares were issued and outstanding as follows:

|  | Shares. |
|---|---|
| Max B. Gollin | 10 |
| Alexander Hirsch | 9 |
| Joseph Levenson | 1 |
|  | 20 |

In June, 1919, the corporate name was changed to Asbes-Tile Co., Inc., and the authorized capital was increased to $15,000. In January, 1919, Daniel McKenzie became a stockholder, officer and director

of J. Levenson Co., Inc., by the purchase of 11 shares of stock, and after the change of name and increase in capitalization Alexander Hirsch and Daniel McKenzie purchased additional stock. The stockholders of the corporation and the number of shares held by each were then as follows:

|  | Shares. |
|---|---|
| Alexander Hirsch, director | 74 |
| Joseph Levenson, president and director | 1 |
| Daniel McKenzie, secretary, treasurer and director | 75 |
| Total | 150 |

At an informal meeting of the stockholders, officers, and directors held in January, 1919, it was agreed that Joseph Levenson and Daniel McKenzie should each receive for their services during the current year a commission at the rate of 15 per cent on all business brought in by each, but not in excess of $100 per week to each.

In the early part of 1920 another informal meeting of the officers and directors of the company was held and the same arrangement with regard to compensation to be paid to Joseph Levenson and Daniel McKenzie was made as in the preceding year, except that the maximum allowance which each of them was to receive should not be in excess of $200 per week.

The taxpayer in the preparation of its income and profits-tax returns for 1919 and 1920 used Form 1065 (partnership and personal service corporation) instead of Form 1120 (corporation). The amounts paid to and earned by Joseph Levenson and Daniel McKenzie were shown in Item 14 (compensation of members) in the return, and the profits of the corporation were shown in Schedule C, which is headed "Members' Share of Income, etc." The Commissioner has disallowed as a deduction that part of the compensation of Joseph Levenson and Daniel McKenzie shown in Schedule C of the return under the head of "Members' Share of Income." The following is the amount reported under each item:

| Stockholders. | Shares held. | Time devoted. | Item 14. | Schedule C. |
|---|---|---|---|---|
| *1919.* | | | | |
| J. Levenson | 1 | Entire | $1,620.00 | $2,008.57 |
| D. McKenzie | 75 | Entire | 1,669.64 | 2,008.57 |
| A. Hirsch | 74 | None | None. | None. |
| | 150 | | 3,289.64 | 4,017.14 |
| *1920.* | | | | |
| J. Levenson | 1 | Entire | 4,150.00 | 5,998.97 |
| D. McKenzie | 75 | Entire | 6,181.07 | 3,967.90 |
| A. Hirsch | 74 | None | None. | None. |
| | 150 | | 10,331.07 | 9,966.87 |

Both of the officers in question were men of about ten years' experience in this line of work and they could have received from other concerns compensation equal to the amount agreed upon.

### OPINION.

TRAMMELL: There are two questions presented for decision. (1) Whether the amount agreed to be paid to the officers was reasonable compensation for services, and (2) whether it was paid or was an obligation incurred during the respective years.

The officers were to receive a commission of 15 per cent on the sales as compensation, but were not to draw out in excess of $100 per week each, in 1919, and $200 per week each, in 1920. We have no evidence as to the amount of sales made by either of the officers or the amount of commission they were entitled to. There is no evidence as to whether it equaled the amount they were permitted to draw out or not, nor is there any evidence as to the amounts actually drawn by the officers. The Commissioner has allowed as a deduction the amount shown by the return as the compensation of the members. We can not, on this evidence, find that the determination of the Commissioner was not correct, although the amount of the commission agreed to be paid the officers was reasonable compensation.

> *Judgment will be entered for the Commissioner.*